**LAW OFFICES OF ANTHONY L. COVIELLO, LLC**
307 Montgomery Street
Bloomfield, New Jersey 07003
973-748-4600
Attorney(s) for Plaintiff(s)
Our File No.:  201020

| *Plaintiff(s)* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| INES CAJIGAS, Administratrix Ad Prosequendum and General Administratrix of THE ESTATE OF SANTOS JAVIER CAJIGAS, | Civil Action No.: 2:08-CV-05834 |
| *vs.* | |
| COUNTY OF ESSEX DEPARTMENT OF CORRECTIONS; SCOTT A. FAUNCE, SR., Director; LARRY GLOVER, Warden; JOHN DOES # 1-5 (names being fictitious); RICHARD ROES, M.D./D.O. #1-5 (names being fictitious), MARY DOES, R.N. # 1-5 (names being fictitious); CORRECTIONAL HEALTH SERVICES, INC., | ***FIRST AMENDED COMPLAINT*** *and* ***JURY DEMAND*** |
| *Defendant(s)* | |

Plaintiff, Ines Cajigas, residing at 19 Wakeman Avenue, in the City of Newark, County of Essex, and State of New Jersey, on behalf of The Estate of Santos Javier Cajigas, deceased, by way of complaint against the defendants above says:

### FIRST COUNT

1. At all times material hereto, the decedent had been a citizen of the United States of America and a resident of the State of New Jersey.

2. The County of Essex is an organized public entity and the Department of Corrections ( hereinafter, "DOC") is a separate department within the Essex County government entrusted with the supervision and maintenance of the county jail system.

3. At all times material hereto, Scott A. Faunce, Sr., was the Director of the Department of Corrections of The County of Essex, and was responsible for the establishment of practices and procedures observed by employees and staff of the department.

4. At all times material hereto, the defendant, Larry Glover, was the Warden for the Essex County Jail located at 354 Doremus Avenue, Newark, New Jersey, (hereinafter, "Jail") where he was responsible for establishing, implementing and enforcing reasonable and accepted practices and procedures to be followed by employees and/or staff of the Department of Corrections in their dealings with jail inmates.

5. At all times material hereto, defendants, John Does # 1-5, are unidentified persons employed as correction officers or correction supervisors who were responsible for the processing and safety of the decedent while at the jail.

6. At all times material hereto, the defendants, Richard Roes, M.D./D.O. # 1-5, were licensed medical doctors employed by, or retained by the Department of Corrections to address the health concerns and needs of inmates at the jail, including the decedent.

7. At all times material hereto, Mary Does, R.N. # 1-5, were nurses employed by or otherwise retained by the Department of Corrections to assist in the medical screening of the inmate population and in the delivery of medical services to said inmates, including the decedent.

8. Correctional Health Services, Inc., on information and belief, was an entity with whom the County of Essex contracted to provide medical services to inmates at the Essex County Jail.

9. On or about April 3, 2006, the decedent, Santos Javier Cajigas, was committed to the Essex County Jail and assigned to cell 211, in wing 3-C-1 of the Essex County Jail.

10. Thereafter, the defendants, jointly and severally, individually and collectively, had the duty to screen the medical condition of the decedent, and if appropriate, provide reasonable medical care and attention to the decedent.

11. The defendants, individually and collectively, jointly and severally, were negligent in the medical screening and supervision of the decedent while in their custody.

12. The defendants, Faunce and Glover, failed to implement reasonable practices and procedures to provide for the medical care of jail inmates, including the decedent;

failed to implement proper procedures; failed to enforce practices and procedures that were in effect; and were otherwise negligent in the medical screening care and treatment of the decedent.

13. The defendants, Mary Does # 1-5, were negligent in initiating, conducting and reporting results from the medical screen of the decedent, and in providing adequate and reasonable medical care and referrals.

14. The defendant, Department of Corrections, through its agent, servants and/or employees, designated as John Does, #1-5, who were correction officers and their supervisors, were negligent in failing to take reasonable actions to monitor, report upon and/or deliver necessary medical attention to the decedent, despite actual and/or constructive knowledge that the decedent was seriously ill during his incarceration, and these defendants were otherwise negligent in the care and supervision of the decedent.

15. As a result of the negligence of the defendants, jointly and severally, individually and collectively, the decedent became increasingly ill during his incarceration, and as a result of said negligence, the decedent died on April 16, 2006, to the pecuniary damage of his dependents.

**WHEREFORE**, the plaintiff, Ines Cajigas, Administratrix Ad Prosequendum and General Administratrix of the Estate of Santos Javier Cajigas, demands judgement against the defendants, County of Essex Department of Corrections; Scott A. Faunce, Sr., Director; Larry Glover, Warden; John Does # 1-5 (names being fictitious); Richard Roes, M.D./D.O. #1-5 (names being fictitious), Mary Does, R.N. # 1-5 (names being fictitious); Correctional Health Services, Inc., jointly and severally, individually and collectively, for damages, attorneys fees and costs of suit.

## *SECOND COUNT*

1. Plaintiff repeats and realleges each of the allegations contained in the First Count above and makes same a part hereof.

2. By virtue of the negligence of the defendants aforesaid, individually and collectively, jointly and severally, the decedent, up to the time of his death, did become increasingly ill and sustained great pain and suffering.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

**WHEREFORE**, the plaintiff, Ines Cajigas, Administratrix Ad Prosequendum and General Administratrix of the Estate of Santos Javier Cajigas, demands judgement against the defendants, County of Essex Department of Corrections; Scott A. Faunce, Sr., Director; Larry Glover, Warden; John Does # 1-5 (names being fictitious); Richard Roes, M.D./D.O. #1-5 (names being fictitious), Mary Does, R.N. # 1-5 (names being fictitious); Correctional Health Services, Inc., jointly and severally, individually and collectively, for damages, attorneys fees and costs of suit.

### *THIRD COUNT*

1. Plaintiff repeats and realleges each of the allegations contained in the First and Second Counts above and makes same a part hereof.

2. At all times material hereto, each and every defendant, identified or yet to be identified, individual or corporate, was acting under color of state law with respect to all conduct that effected the plaintiff's decedent while he was a jail inmate.

3. The Department of Correction, its director and warden, were policy-makers responsible for the medical needs of the jail inmates, including the decedent.

4. The County of Essex, Department of Corrections, Director Faunce, Warden Glover, failed to institute and maintain a medical policy that provided minimal safeguards to the inmate population and were deliberately and recklessly indifferent to the medical needs of the inmates including the decedents.

5. As a result of the conduct of the defendants acting under color of state law, individually and collectively, jointly and severally, deprived the decedent of his life in violation of United States Constitution and in violation of *42 U.S.C. 1983.*

**WHEREFORE**, Plaintiff demands compensatory and punitive damages and counsel fees.

### *DESIGNATION OF TRIAL COUNSEL*

Pursuant to R. 4:25-4, *Anthony L. Coviello, Esq.*, is hereby designated trial counsel in the within matter.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## JURY DEMAND

Plaintiff herein demands a trial by jury as to all issues and counts of the complaint.

                                  LAW OFFICES OF ANTHONY L. COVIELLO, LLC
                                  Attorneys for Plaintiff

                              BY:   */ss/Anthony L. Coviello*
                                        ANTHONY L. COVIELLO

Dated: May 13, 2009

## RULE 4:5-1 CERTIFICATION

1. I am the attorney for the plaintiff in the foregoing complaint.

2. The matter in controversy is not the subject of any pending arbitration proceeding or other action and no arbitration proceeding is contemplated in the future.

3. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                  LAW OFFICES OF ANTHONY L. COVIELLO, LLC
                                  Attorneys for Plaintiff(s)

                              BY:   */ss/ Anthony L. Coviello*
                                        ANTHONY L. COVIELLO

DATED: May 13, 2009

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com